Doolittle v. Ward & Coppage.

DOOLITTLE, Respondent, v. WARD & COPPAGE, Appellants.

St. Louis Court of Appeals, Submitted January 27, 1909, Opinion filed February 23, 1909.

1. JUSTICES OF THE PEACE: Contract Sued on: Evidence. In an action on an account filed before a justice of the peace for several items of advertising matter furnished by the plaintiff to the defendant, the order given for the advertising matter was not the contract sued on, so as to require it to be filed, under the provisions of section 3853, Revised Statutes 1899; such order was mere evidence.

2. APPELLATE PRACTICE: Bill of Exceptions: Time for Filing. Where on appeal to the Court of Appeals, the appellant was granted on the 15th day of August ninety days from that date in which to file bill of exceptions and thereafter the time was was extended ninety days from the expiration of that time, the time expired on February 11 following so that filing the bill of exceptions on February 12 was out of time.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Duncan & Bragg* for appellants.

*B. A. McKay* for respondent.

REYNOLDS, P. J.—This action was originally commenced before a justice of the peace in Pemiscot county, and taken from there to the circuit court, where, on a trial, judgment was rendered in favor of the respondent, plaintiff below, from which judgment an appeal has been prosecuted to this court. The transcript of the justice states that it is an action on a statement filed before him. That transcript is accompanied by the papers which were filed before the justice, which, as shown by the transcript now before us, consisted of an account against Ward & Coppage, appellants, made up of various items, the total of which is $117, and attached to it is what purports to be a copy of an order for "cuts" for advertising matter. At the trial in the circuit court defendants filed a motion to dismiss the action for want of a sufficient statement of any cause of action, the contention being that the action was founded upon the order above referred to and that it was the contract on which the action was founded; that neither the original order nor a duly verified copy thereof was filed with the justice, no averment having been made of loss of the original. An examination of the record and of appellants' statement and argument in the case shows that the burden of their complaint is based upon this supposed omission. It is sufficient to say, on this proposition, that it is evident that the suit was regarded by the plaintiff and the justice of the peace, and appears by the statement filed before the justice, to be founded on the account, and the copy of the order or contract filed with the account, which account is verified by affidavit of plaintiff, does not appear to be anything more than a part of the evidence in the case. The item may have originated, probably did originate, under this order or so-called contract, but the action, properly speaking, is on the account, and we think that it is within the provisions of section 3853, Revised Statutes 1899, as a suit founded on an account. The first clause of this section provides that "When the

suit is founded upon any instrument of writing purporting to have been executed by the defendant, and the debt or damages claimed may be ascertained by such instrument, the same shall be filed with the justice, and no other statement or pleading shall be required." It is very evident from a reading of the order or contract filed with the account, that the debt or damages claimed could not possibly have been ascertained by an inspection of that instrument. That evidently was the view of the circuit court, and there was no error committed in overruling the various motions and objections made by the appellants to the introduction of any evidence in the case and in arrest of judgment, all of them being based upon the alleged failure to file with . the justice the original contract, or, averring that it was lost or not in possession of the plaintiff, filing a verified copy. So holding, this disposes of the case on the only proposition we can consider, for the reason that we have nothing before us but the record proper. The motions for new trial and in arrest were overruled on August 15, 1907, and defendants granted "ninety days from that date" within which to file a bill of exceptions. Before the ninety days expired an order was made by the circuit judge in vacation, extending the time for filing the bill of exceptions "ninety days from the expiration of the time already allowed by the court." Referring to the calendar, the first ninety days' extension expired November 13, 1907, seventeen days being left in November, thirty-one in December, thirty-one in January, would leave eleven days in February within which to file the bill, provided the first day of each ninety days' extension is excluded. So according to the above mode of reckoning days, the bill should have been filed not later than February 11th. It is claimed, however, by the respondent, that the first day is only to be excluded once, and if that is so, then it is true, as he claims, that the last day for filing was February tenth. The bill of exceptions was filed in vacation on February 12, 1908.

By either mode of calculation, it was filed out of time, and as the respondent insists upon this point and as the statute and the decisions are with him, we are obliged to sustain it. Finding no error in the record proper, the judgment of the lower court is affirmed. All concur.